UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANTHONY FARRIER | CIVIL ACTION |
| VERSUS | NO. 17-7955 |
| DARRELL VANNOY, ET AL. | SECTION "R" (1) |

### ORDER AND REASONS

Before the Court are Anthony Farrier's motions for reconsideration[1] and relief from final judgment under Federal Rule of Civil Procedure 60(b).[2] For the following reasons, the Court dismisses both motions.

### I.  BACKGROUND

On August 17, 2017, Farrier filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 asserting ineffective assistance of counsel.[3] The

---

[1] Farrier styles his filing on June 26, 2024 as a "motion for reconsideration." R. Doc. 29 at 1. Because there is no "motion for 'reconsideration' in the Federal Rules of Civil Procedure," *Bass v. United States Dep't of Agriculture*, 211 F. 3d 959, 962 (5th Cir. 2000), the Court construes Farrier's filing on June 26, 2024 as a Rule 60(b) motion for relief from a judgment, *see Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F. 3d 36, 371 n. 10 (5th Cir. 1998) ("[S]uch motions may properly be considered either a Rule 59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from judgment.").

[2] R. Doc. 31.

[3] R. Doc. 1.

petition was referred to Magistrate Judge Janis van Meerveld, who recommended that the petition be dismissed with prejudice on May 25, 2018.[4] Farrier objected to the Magistrate Judge's Report and Recommendation ("R&R") and submitted further supplements to his petition and requests for an evidentiary hearing.[5] In December 2018, the Court adopted the R&R and dismissed Farrier's petition for habeas corpus with prejudice.[6]

Over seven years later, Farrier moved for relief from final judgment pursuant to Federal Rule of Civil Procedure 60(b) on April 19, 2024, seeking relief from the Court's dismissal of his petition for writ of habeas corpus.[7] On June 26, 2024, the Court dismissed Farrier's motion for lack of jurisdiction pursuant to 28 U.S.C. § 2244, finding it to be a second or successive habeas petition.[8] That same day, Farrier filed a "Motion to Reconsider Judgment or Order pursuant to F.R.C.P. Rule 60(b)(5)," in which Farrier requested a "status update" on his previous filing and asserted new grounds for relief.[9] On July 10, 2024, Farrier moved again pursuant to Rule 60(b) for relief from

---

4    R. Doc. 18.
5    *See* R. Docs. 19-22.
6    R. Doc. 25.
7    R. Doc. 26.
8    R. Doc. 28.
9    R. Doc. 29.

the Court's judgment dismissing his second or successive habeas petition for lack of jurisdiction.[10] The Court now considers both of Farrier's motions.

## II. LAW AND ANALYSIS

In both motions, Farrier does not address the Court's order regarding his habeas petition, but instead argues that he is entitled to relief from his state criminal sentence because the state court (1) determined his sentence according to guidelines that required factual findings the state should have proved to the jury, and (2) imposed a sentence near the guideline maximum, despite Farrier's conviction by only ten out of twelve jury members.[11] Farrier requests that the Court vacate his sentence and remand his case to state courts for resentencing.[12]

In the habeas context, a district court presented with a Rule 60(b) motion must first determine whether it is a motion properly brought under the Federal Rules of Civil Procedure, or a successive habeas petition, which the court lacks jurisdiction to consider under 28 U.S.C. § 2244. *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005). In *Gonzalez,* the Supreme Court held that the difference lies in the relief that the petitioner seeks. *See id.* A

---

| | |
|---|---|
| 10 | R. Doc. 31. |
| 11 | *See* R. Doc. 29; R. Doc. 31. |
| 12 | *See.* R. Doc. 29 at 5; R. Doc. 31 at 4. |

3

petitioner submits a motion under Rule 60(b) when the motion challenges "some defect in the integrity of the federal habeas proceedings." *Gonzalez,* 545 U.S. at 532; *see also Tamayo v. Stephens*, 740 F.3d 986, 990 (5th Cir. 2014) ("A Rule 60(b) directed to a procedural default, is not considered a 'successive' petition and is properly brought as a Rule 60(b) motion.'" (citing *Adams v. Thaler*, 679 F.3d 312, 319 (5th Cir. 2012))). By contrast, courts consider a motion to be a successive habeas petition when the motion is substantive, seeks "to add a new ground for relief," or attacks "the federal court's previous resolution of claim on the merits." *Id.* at 532; *see also Tamayo*, 740 F.3d at 990 (holding that a Rule 60(b) motion is considered "successive" if it "raises a new claim or attacks the merits of the district court's disposition of the case" (citing *Adams*, 679 F.3d at 319).

The Court finds petitioner's motions to be successive habeas petitions. *Gonzalez,* 545 U.S. at 529-30. Although Farrier contends that it "is not beyond this [C]ourt's jurisdiction to determine the constitutionality of [his] seventy-five-year sentence in order to vacate said sentence and remand back to lower court for resentencing,"[13] Farrier does not challenge this Court's recent holding that his petition was second or successive,[14] nor the

---

[13] R. Doc. 31 at 4.
[14] R. Doc. 28.

4

proceedings resulting in the Court's denial of his habeas petition.[15] Instead, petitioner exclusively discusses alleged constitutional failures that occurred in his sentencing.[16] Farrier does not allege "some defect in the integrity of the federal habeas proceedings," *id.* at 532, but instead attempts to revisit the constitutionality of his conviction and sentence on new grounds. Farrier asserts that he is entitled to relief from a final judgment because "applying [his sentence] prospectively is no longer equitable,"[17] *see* Fed. R. Civ. P. 60(b)(5), but "Rule 60(b)(5) may not be used to challenge the legal conclusions on which a prior judgment or order rests," *Horne v. Flores*, 557 U.S. 433, 447 (2009) (recognizing the "important function" of Rule 60(b)(5) in "institutional reform litigation" by permitting the modification of injunctions and consent decrees). Because Farrier attacks the merits of his sentence and conviction, his submissions would require the Court to consider a second habeas petition after dismissing the first. His motions are successive. *See Gonzalez,* 545 U.S. at 532.

Petitioner is required under 28 U.S.C. § 2244 to "move in the appropriate court of appeals for an order authorizing the district court to consider a successive habeas application" before filing. Absent permission

---

[15]   *See* R. Doc. 24.
[16]   *See* R. Doc. 29; R. Doc. 31.
[17]   R. Doc. 31 at 1.

5

of the Fifth Circuit, the Court lacks jurisdiction to entertain petitioner's successive habeas claims. *See Burton v. Stewart*, 549 U.S. 147, 157 (2007).

### III. CONCLUSION

For the foregoing reasons, the Court DISMISSES petitioner's motions for lack of jurisdiction.

New Orleans, Louisiana, this __5th__ day of August, 2024.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE